IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                                    PLAINTIFF

v.                              Civil No. 4:12-cv-04128

DAVID HAMPTON                                                                                DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Don Lewis, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Miller County Detention Center ("MCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.      BACKGROUND

Plaintiff originally filed his Complaint on October 22, 2012. ECF No. 1. In his Complaint, Plaintiff alleges Defendant, a Crimes Against Children Division Investigator, interviewed him without providing *Miranda* warnings. ECF No. 1, p. 6. Defendant informed Plaintiff he was investigating the "alleged child maltreatment of [a minor]"—the crime Plaintiff is charged with—but explained to Plaintiff that the interview was not related to Plaintiff's pending criminal

1

charges. ECF No. 1, pp. 5-6. Defendant then asked Plaintiff incriminating questions related to his pending charges. ECF No. 1, p. 6. Plaintiff has since discovered that Defendant Hampton is to be the "star witness" in his upcoming criminal trial. ECF No. 1, p. 6.

## II.     DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff claims his constitutional rights were violated when Defendant failed to give him his *Miranda* warnings and falsely informed him the interview was not related to Plaintiff's pending criminal charges. This claim is without merit. Failure to give *Miranda* warnings and mere coercion do not violate the Constitution absent the use of the obtained testimony in a criminal proceeding against the party. *See e.g., Chavez v. Martinez*, 538 U.S. 760, 767 (2003)("Statements compelled by police interrogations . . . may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs."). If statements obtained during custodial interrogation are not used against the party, there is no constitutional violation. *See Renda v. King*, 347 F.3d 550, 552 (3rd Cir. 2003)("a plaintiff may

2

not base a § 1983 claim on the mere fact that the police questioned her in custody without providing *Miranda* warnings when there is no claim that the plaintiff's answers were used against her at trial."); *see also Davis v. City of Charleston,* 827 F.2d 317, 322 (8th Cir.1987)(the officers did not deprive the plaintiff of her constitutional rights by failing to give *Miranda* warnings because no statements obtained during the interview were used against the plaintiff at trial). Furthermore, an alleged *Miranda* violation does not state a cognizable claim under section 1983. *Chavez*, 538 U.S. at 772-3 (2003); *Warren v. City of Lincoln,* 864 F.2d 1436, 1442 (8th Cir. 1989) ("the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action.").

Here, Plaintiff does not claim his statements to Defendant have been used against him in his criminal proceeding, only that he believes they will be.  Therefore, there has been no constitutional violation.  *See Chavez,* 538 U.S. at 767.  Furthermore, Plaintiff's Complaint fails to state a cognizable claim under section 1983 as this section does not offer the appropriate remedy for a *Miranda* violation.  *See Warren,* 864 F.2d at 1442.

## II.     CONCLUSION

Accordingly, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded**

**that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **3rd day of January 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE